R. C. BAYLISS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84472. Promulgated May 20, 1937.

*Frank J. Albus, Esq.,* for the petitioner.
*Albert E. Arent, Esq.,* for the respondent.

OPINION.

HARRON: The purchase and sale of the Dupont Circle property was not incurred in the petitioner's regular business and loss therefrom is not allowable under section 23 (e) (1). The question in this proceeding is whether or not the transaction was one entered into for profit, though not connected with the petitioner's business, for if it was a transaction entered into for profit the resulting loss is deductible from the petitioner's gross income under the provisions of section 23 (e) (2) of the Revenue Act of 1932.

Upon review of the evidence it is held that the loss was not incurred in a transaction entered into for profit. The petitioner's claim is based upon the argument that his business was carried on in two capacities, both as an individual and as a member of a real estate partnership, and that the purchase of the Dupont Circle property was a transaction entered into in the petitioner's separate and individual business of buying and selling real estate. The evidence shows that from 1929 to 1933 the petitioner did not buy and sell real estate

on his own account for profit. During this period, but before the taxable year, he owned a piece of property which he rented to tenants and he held two or three unimproved lots. The purchase of the Dupont Circle property appears to have been made with the intention of using or disposing of the property as would be done in a transaction entered into for profit, but the petitioner abandoned such intention at the start and used the property practically from the time of acquisition until a few months after the date of sale as a residence. It was not used to produce income at any time. From its use, the purchase and sale of the property lost the characteristics of a transaction entered into for profit and was instead a transaction whereby the petitioner acquired a residence until such time as a new residence was completed for his occupancy. Therefore petitioner is not entitled to the deduction under section 23 (e) (2). See *W. H. Moses*, 21 B. T. A. 226; *Henry DeFord*, 7 B. T. A. 630; affd., 29 Fed. (2d) 532.

Petitioner relies upon the rule set forth in *Henry J. Gordon*, 12 B. T. A. 1191, wherein it is stated that "where a taxpayer acquired property with the intention of selling it at a profit, even though he may have resided thereon, if the predominating factor in its selection was the prospect of future profits, he is entitled to any loss sustained upon the sale thereof." Whether or not a loss is incurred in a transaction entered into for profit must be determined by the facts in each proceeding. Where a taxpayer is engaged in the real estate business, it is natural for him to argue that all purchases of real estate are transactions entered into for profit. However, the facts relating to the purchase of the particular piece of real estate may indicate otherwise. In this proceeding, there is no convincing evidence that the petitioner actively and persistently endeavored to dispose of the piece of property involved during the time of his ownership so as to make convincing the argument that the use of the property as a residence was secondary to carrying out a transaction entered into for profit. During four years the house was shown by agents to only three or four people. During the month preceding his occupancy of the property, the petitioner did not do anything towards promoting the sale or rental of the property. It appears that he acquired a residence for his family until he should find it convenient to build his new home. There are lacking facts to show that the predominant factor was a real estate promotion transaction throughout so that the use of the property as a residence was an afterthought brought about through adverse circumstances delaying the carrying out of a real estate transaction as in the cases of *Sydney W. Sinsheimer*, 7 B. T. A. 1099; *John N. Hughes*, 8 B. T. A. 206; *Henry J. Gordon*, 12 B. T. A. 1191; *Minnie L. Campe*, 17 B. T. A. 575; *Marjorie G. Randall*, 27 B. T. A. 475. The fact that the petitioner did not intend to perma-

nently use the property for a residence is not sufficient to characterize the transaction as one primarily entered into for profit.

The petitioner realized a gain of $250 from the sale of a lot in May 1933 and is clearly taxable upon this income.

*Decision will be entered for the respondent.*